```
              UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                     WESTERN DIVISION
```

QUINTARUS BROWN                                            PLAINTIFF

VERSUS                       CIVIL ACTION NO: 5:10-CV-0036-DCB-JMR

FIRESTONE COMPLETE AUTO CARE
A/K/A BRIDGESTONE RETAIL OPERATIONS, LLC                  DEFENDANTS

## OPINION AND ORDER

This matter comes before the Court on Plaintiff's Motion to Remand or Alternatively For Remand Related Discovery [docket entry no. 9] and Defendant's Motion for Leave to File a Supplemental Response to Plaintiff's Motion to Remand or Alternatively for Remand Related Discovery [docket entry no. 15]. Having carefully considered the Motions, the responses thereto, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

### I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Quintarus Brown filed this suit against Defendant Firestone Complete Auto Care a/k/a Bridgestone Retail Operations, LLC ("Bridgestone") on January 19, 2010 in the Circuit Court of Sharkey County, Mississippi. The suit asserts a products liability negligence claim against Bridgestone arising out of injuries Brown sustained in an automobile accident in Sharkey County on March 10, 2007 while a passenger in a vehicle driven by his brother. On the day of the accident, Brown's brother had the vehicle serviced at Florida Firestone Complete Auto Care Center, owned and operated by

Bridgestone, in Pensacola, Florida before driving it to Mississippi. As alleged in the complaint, the vehicle's right rear tire wobbled which caused the driver to lose control of the vehicle and descend an embankment. The complaint further alleges that Bridgestone had negligently installed, inspected, or represented the tire to be safe and that Brown was injured as a result of Bridgestone's negligence.

On March 19, 2010, Bridgestone removed this case to this Court [docket entry no. 1], asserting subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because diversity jurisdiction exists. With regard to citizenship, Bridgestone (the sole defendant) stated that it is a corporation organized under the laws of Delaware with its principal place of business in Tennessee, while Brown (the sole plaintiff) is a Mississippi resident citizen. On June 8, 2010, Brown filed the instant Motion to Remand. Pursuant to Rule 16.1(B)(2)(b), the Magistrate Judge issued an Order that same date, staying the case in light of the pending Motion to Remand. The Motion to Remand and Defendant's Motion for Leave to File a Supplemental Response are now before this Court.

## II. ANALYSIS

Federal district courts have the power to adjudicate civil actions between "citizens of different States" where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). "When jurisdiction is based on diversity, we adhere strictly to the rule

that citizenship of the parties must be 'distinctly and affirmatively alleged.'" Getty Oil Corp. v. Ins. Co. of N. Am., 841 F.2d 1254, 1259 (5th Cir. 1998)(quoting McGovern v. Am. Airlines, Inc., 511 F.2d 653, 654 (5th Cir. 1975)). A removing defendant must prove by a preponderance of the evidence that the diversity of citizenship lies. Simon v. Wal-Mart Stores, Inc., 193 F.3d 848, 850 (5th Cir. 1999).

In the Motion to Remand, Brown argues that Bridgestone is a Delaware limited liability corporation ("LLC"), rather than a corporation, as Bridgestone stated in its Notice of Removal. For diversity purposes, an LLC has the citizenship of its members. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1079-80 (5th Cir. 2008). Brown therefore argues that because Bridgestone is an LLC but did not state the citizenship of its members in its removal notice, it did not affirmatively establish that complete diversity exists. In its opposition to the motion to remand, Bridgestone admitted that it was an LLC rather than a corporation and submitted the declaration of Alan C. Yarcusko, General Counsel-Litigation for Bridgestone Americas, Inc., to attest to its corporate structure. In that declaration, Yarcusko declared that Bridgestone Retail Operations, LLC, has one sole member, Bridgestone Americas, Inc. which is incorporated in the state of Nevada and has its principal place of business in Tennessee. Yarcusko further declared that no member of Bridgestone Retail Operations, LLC is a citizen of

Mississippi.[1]  Yarcusko's declaration is competent evidence for the purpose of determining Bridgestone's citizenship.  <u>Williams v. N. Hill Square Apartments</u>, 2010 WL 1416154 (S.D. Miss. Apr. 7, 2010) (holding affidavits submitted by moving part attesting to citizenship of corporate defendants were sufficient to establish diversity).

The citizenship of a corporation is determined based on 28 U.S.C. § 1332(c)(1), which states that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  Accordingly, Bridgestone is a citizen of both Nevada and Tennessee, because its sole corporate member, Bridgestone Americas, Inc., is a citizen of those two states.  Brown, a resident of Mississippi and Bridgetsone, a resident of Nevada and Tennessee are therefore diverse and this Court has subject matter jurisdiction.  28 U.S.C. § 1332(a)(1).  The Motion to Remand must

---

[1] In reply, Brown argued that Yarcusko's declaration was ambiguous because it did not indicate at which point in time it was describing Bridgestone's corporate structure.  Because the affirmative showing of diversity must be made at both the time of the filing of the complaint and the time of removal, <u>Brown v. Mutual of New York Life Ins. Co.</u>, 213 F.Supp.2d 667, 671 n.4 (S.D. Miss. 2002), Brown argued that Yarcuscko's declaration was not sufficient to establish complete diversity.  Bridgestone then moved for leave to file a supplemental response [docket entry no. 15], which this Court hereby grants.  Bridgestone attached an amended declaration of Alan Yarcusko to that supplemental response, clarifying that Bridgestone Americas, Inc.'s citizenship (Nevada and Tennessee) was the same on both the date the complaint was filed and the date of removal.

be denied.[2]

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Plaintiff's Motion to Remand [docket entry no. 9] is **DENIED**.

**IT IS FURTHER ORDERED** that the Defendant's Motion for Leave to File Supplemental Response to Plaintiff's Motion to Remand or Alternatively for Remand Related Discovery [docket entry no. 15] is **GRANTED**.

**SO ORDERED** this the 8th day of November 2010.

                                                 s/ David Bramlette

                                                 **UNITED STATES DISTRICT JUDGE**

---

[2] Bridgestone also disputes that Brown's Motion to Remand was timely filed.  Because this Court finds that the Motion should be denied, it does not reach the timeliness issue.